NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 13, 2017
Decided July 12, 2017

*Before*

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 16-4173

| | |
|---|---|
| ADRIAN PINTEA, et al., | Appeal from the United States District |
| *Plaintiffs-Appellants*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 1:16-cv-05990 |
| MATTHEW ERIC GURVEY, et al., | |
| *Defendants-Appellees*. | Thomas M. Durkin, |
| | *Judge*. |

**O R D E R**

Adrian and Marinela Pintea are first-generation immigrants of Romanian origin who owned their primary residence in Chicago and a smaller rental property nearby. At some point they defaulted on their mortgage and both properties fell into foreclosure. As is the case for many immigrants, the Pinteas sought legal help in the community and were quickly directed to Joseph Varan, a Romanian-speaking realtor. After explaining their situation, Varan directed the two to defendant Matthew Gurvey, an attorney. According to the complaint, Gurvey recommended an arrangement

whereby the Pinteas would transfer title to the mortgaged property in order to stay foreclosure proceedings, and they would pay Gurvey a monthly fee.

The parties agree that the Pinteas transferred the properties to Gurvey, that they paid a few months' fees, and that they then became dissatisfied and demanded that Gurvey terminate the arrangement. While unclear in the record, at oral argument plaintiffs' counsel made clear that the rental property was returned to the Pinteas, and that they reside there now. Plaintiffs' counsel was unclear, but by implication conceded at oral argument that the primary residence was also returned to the Pinteas, but was eventually lost at foreclosure.

Plaintiffs filed this lawsuit in district court on June 8, 2016, and were (contrary to representations at oral argument) granted leave to amend their complaint, which was filed on September 28, 2016. The amended complaint alleged state law attorney malpractice and breach of contract, as well as two federal causes of action: violation of the Fair Housing Act under 42 U.S.C. §§ 3601, 3604, and 3605, and violations of the "Civil Rights Act of 866" [sic], 42 U.S.C. §§ 1981 and 1982. In essence, the plaintiffs alleged that Varan and Gurvey sought to defraud them because they were Romanian, and Romanians are allegedly easy marks. The case was dismissed under Fed. R. Civ. P. 12(b)(6) on November 22, 2016. As noted by the district judge: "[A]ll Plaintiffs' allegations show [are possible Illinois state law claims…] not a federal discrimination case under either the Fair Housing Act or §§ 1981 or 1982." *Pintea v. Varan*, No. 16-cv-05990, slip op. at 24 (N.D. Ill. Nov. 22, 2016). Because we agree with the district court's reasoning, we AFFIRM the dismissal of the plaintiffs' federal law claims with prejudice and the state law claims without prejudice.

In its opinion, the district court found numerous independent bases for dismissing the suit against both the realtor, Varan, and the lawyer, Gurvey. We need only choose one, and it is fatal to all of the federal discrimination claims. As properly noted by the district court, we "need not accept a conclusory allegation of motive or intent at face value in this case because other more specific facts alleged in the complaint show that Plaintiffs' claim is really that their victimization was not because of an animus against their country of origin but instead because of Defendants' belief that their country of origin made them susceptible to being victimized … There is simply no plausible reason to believe that, assuming Defendants are guilty of the scheme to defraud alleged, they would forgo victimizing non-Romanians who were similarly susceptible to their fraudulent scheme. An 'equal opportunity' victimizer, whatever else he may be charged with, is not subject to liability for discrimination.", slip op. at 22–23.

Reviewing the plaintiffs' factual allegations and all reasonable inferences in the light most favorable to the Pinteas, we find that dismissal of their federal law claims was proper. Even at oral argument, plaintiffs' counsel was left with the bare allegation of "animus" towards Eastern Europeans (a broader class than was argued below) with no factual support. We can point to no fact in the record which suggests anything approaching actionable discrimination. Plaintiffs, having four bites at the apple (a complaint, an amended complaint, a reply to a motion to dismiss, and an appeal), continue to try to convert a state law fraud claim into a federal discrimination case based purely upon say-so.

Finally, while defense counsel has requested sanctions under Rule 38 or 28 U.S.C. § 1927, we decline to issue them. The defendants are understandably upset at the alleged misrepresentations included in the complaint, but the appropriate court for sifting through that inquiry is the district court. Indeed, in the judgment below, the district court explicitly noted, for example, that plaintiffs' counsel alleged both that Varan failed to return the Pinteas' property and that he did, in fact, return it: such a material falsehood could give rise to sanctions, but if the district judge declined to impose them, we will also decline.

Defense counsel alleges that plaintiffs' counsel has numerous filings making similar allegations against other defendants, and plaintiffs' counsel does have an online presence which suggests as much. However, this is the first of her cases before this court. The appeal of the dismissal is frivolous and potentially sanctionable, and a finding of subjective bad faith is not necessary to ordering sanctions under either Rule 38 or § 1927. At this point we are not inclined to award sanctions, but we simply take this opportunity to put counsel for the Pinteas, Kelli Dudley, on notice. Quite apart from the legal consequences, allegations of racial discrimination today carry with them a host of social disabilities imposed on the accused. These allegations should not be made lightly—especially with no factual basis.

AFFIRMED.